**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| SHEKIA YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:21-cv-291 |
| | ) |
| EASTPOINT RECOVERY GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, SHEKIA YOUNG, by and through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, EASTPOINT RECOVERY GROUP, INC.:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Lake Mary, Seminole County, State of Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a New York business corporation and collection agency located in the City of Buffalo, Erie County, State of New York.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or

electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiff.

20. The alleged debt owed arises from transactions for personal, family, or household purposes.

21. Within the past one year, Defendant began placing collection calls in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff on her cellular telephone at 321-305-3777 in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff from several numbers, including 716-427-7933, which is one of Defendant's many telephone numbers.

24. Defendant also leaves voicemail messages for Plaintiff.

25. For example, on or about January 5, 2021, Defendant's collector, who identified herself as Pamela, left a voicemail message for Plaintiff, which is transcribed as follows:

    Good morning, Shekia. This is Pamela from East Point, and I'm contacting you today in reference to your paperwork that was sent over to me for review. At this time, I am scheduled to render a decision in my client's best interest. However, I wanted to be able to speak with you first. I certainly would like the opportunity to give you some options regarding this matter before I do sign off on it. You can reach out to me today at 716-427-7933.

26. With regard to the above referenced message:

    a. Defendant's collector failed to disclose that she was calling from Eastpoint

       Recovery Group, Inc.;

   b. Defendant's collector failed to disclose that she was calling Plaintiff in an attempt to collect a debt and that any information obtained would be used for that purpose; and

   c. Defendant's collector made vague, veiled threats and other innuendo of legal action.

27. To date, Defendant has not sued Plaintiff.

28. Defendant has never intended to sue Plaintiff.

29. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

30. The natural consequences of Defendant's collector's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owed.

31. The natural consequences of Defendant's collector's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

32. The natural consequences of Defendant's collector's actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant's collectors left voicemail messages for Plaintiff and failed to disclose that Defendant's collectors were

calling from Eastpoint Recovery Group, Inc.;

b. Defendant further violated § 1692d of the FDCPA when Defendant's collectors made vague, veiled threats and other innuendo of legal action;

c. Defendant violated §1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors left voicemail messages for Plaintiff and failed to disclose that Defendant's collectors were calling from Eastpoint Recovery Group, Inc.;

d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

e. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant made vague, veiled threats and other innuendo of legal action;

f. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant made empty threats of legal action against Plaintiff;

g. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

h. Defendant violated § 1692e(11) of the FDCPA by its failure to disclose in its communications with the Plaintiff that it is attempting to collect a debt and that any information obtained will be used for that purpose when Defendant's collectors failed to make such disclosures when they left voicemail messages for

      Plaintiff; and

    i.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff SHEKIA YOUNG, respectfully requests judgment be entered against EASTPOINT RECOVERY GROUP, INC., for the following:

    a.  Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

    b.  Costs and reasonable attorney's fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

    c.  Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANT VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

34. Plaintiff repeats and realleges paragraphs 1-33 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

35. Defendant violated the FCCPA based on the following:

    a.  Defendant violated § 559.72(7) of the FCCPA by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family when Defendant made empty threats of legal action against Plaintiff; and

    b.  Defendant violated § 559.72(9) of the FCCPA by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person

knows that the right does not exist when Defendant made empty threats of legal action against Plaintiff.

WHEREFORE, Plaintiff, SHEKIA YOUNG, respectfully requests judgment be entered against EASTPOINT RECOVERY GROUP, INC., for the following:

36. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

37. Costs and reasonable attorney's fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

38. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

39. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: February 11, 2021

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Florida Bar No. 0882461
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff